United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10308
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LANE LINGLE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-287-2-P
---------------------

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:*

Christopher Lane Lingle appeals his guilty plea convictions and sentences for conspiracy to make, possess, and pass counterfeit $100 bills, aiding and abetting the manufacture of approximately 156 counterfeit $100 bills, and aiding and abetting the passing of approximately 37 counterfeit $100 bills. See 18 U.S.C. §§ 371, 471, 472, 2. Lingle first challenges the sufficiency of the factual basis for his conspiracy and aiding and abetting the making of counterfeit money convictions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, he contends that there was insufficient evidence that he participated in manufacturing the counterfeit $100 bills. Because Lingle did not lodge objections at rearraignment to the factual basis for his guilty pleas, we review for plain error only. See United States v. Vonn, 535 U.S. 55, 58-59 (2002).

In the factual basis, Lingle stipulated that he and his mother agreed that she would make counterfeit $100 bills, which they both would spend. These facts were sufficient to support Lingle's conspiracy conviction. See United States v. Williams, 264 F.3d 561, 577 (5th Cir. 2001). Similarly, the factual basis was sufficient to support Lingle's conviction of aiding and abetting the manufacture of counterfeit obligations since Lingle stipulated that he shared in the criminal intent and because he engaged in passing the counterfeit $100 bills. See United States v. Sorrells, 145 F.3d 744, 753 (5th Cir. 1998). Lingle's deficient factual basis arguments fail to survive plain error review. See Vonn, 535 U.S. at 58-59.

Lingle next contends that the two-level counterfeiting enhancement he received pursuant to U.S.S.G § 2B5.1(b)(2) was improperly applied since he "had no involvement in the making of the counterfeit $100 bills." Under a similar rationale, Lingle also challenges the four-level loss enhancement that was assessed pursuant to U.S.S.G. § 2B5.1(b)(1).

Based on Lingle's guilty plea stipulations, the manufacturing of the $100 bills was a reasonably foreseeable act

undertaken in furtherance of the counterfeiting conspiracy. Furthermore, the district court's intended loss calculation is supported by record.  Accordingly, we hold that the district court did not clearly err in overruling Lingle's objections to both sentencing enhancements.  See United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993); Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985).

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and for purposes of preserving the issue for further review, Lingle asserts that his challenged sentencing enhancements are unconstitutional since they were based upon findings that were neither found by a jury beyond a reasonable doubt nor agreed to by Lingle.  Lingle correctly concedes that this argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 03-30437).

AFFIRMED.